UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL WOODS, )
      Petitioner, )
v. ) Case No. 1:13-cv-1348-LJM-TAB
)
ZATECKY, )
      Respondent. )

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Michael Woods for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 12-10-0140. For the reasons explained in this Entry, Woods' habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On October 28, 2012, Stacia Hoover LPN wrote a Report of Conduct ("conduct report") in case ISR 12-10-0140 charging Woods with the Class A offense, Assault/Battery A-102. The conduct report states as follows:

> During AM med pass at 0852 Offender Woods, Michael Doc#911570 was instructed by me, Stacia Hoover, LPN and Officer Frazee to get dressed in order for him to receive his morning medications. Offender Woods refused to cover up and continued to sit on his bed naked. He was advised that he had one more chance to get dressed or it would be considered a medication refusal. Offender Woods said, "I refuse then, I'm not getting dressed." I left the range. I arrived at B-Cellhouse at 1035 to hand out lab draw passes. Offender Woods requested to speak with me concerning his AM med refusal. The offender asked "Why I didn't give him his AM medication?" (sic) I responded, "Because you refused to get dressed." He said, "Are you going to bring it back over?" I responded, "No, I am not." Offender Woods then spit in my face. I immediately left the range at 1040.

On October 29, 2012, Woods was notified of the charge for assault/battery (including the throwing of bodily fluid) and was given notice of his disciplinary hearing. ("screening report"). Woods pled guilty to the disciplinary charge, thus, waiving his right to 24 hours' notice of the hearing. He requested no witnesses or physical evidence and declined to have the assistance of a lay advocate.

Given Woods' waiver, a hearing officer conducted a disciplinary hearing the same day and, based on the conduct report and Woods' confession and guilty plea, found Woods guilty of the Class A offense, assault/battery A-102. In lieu of testifying at the hearing, Officer B. Frazee provided a witness statement, which provided as follows:

> I Officer B. Frazee was escorting Nurse Hoover on the 4C range when I witnessed Offender Woods #911570 spit on Nurse Hoover.

The following sanctions were imposed: a written reprimand; one year disciplinary segregation; three-hundred and sixty-five days' deprivation of earned credit time; and, a

demotion from Credit Class 2 to Credit Class 3. The hearing officer imposed the sanctions because of the seriousness of the offense, the offender's attitude and demeanor during the hearing, the degree to which the violation disrupted or endangered the security of the facility, and, the likelihood that the sanctions would have a corrective effect on the offender's future behavior.

Woods appealed the disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### III. Analysis

Woods asserts the following claims: 1) he was denied 24 hours' notice of the hearing; and 2) prison officials violated Indiana Department of Correction ("IDOC") policies.

Woods first argues that he was not given 24 hours' notice before the hearing. The 24 hour notice was waived when Woods pled guilty to the charge. He contends that he did not, in fact, plead guilty, but the record does not support this allegation. The hearing officer noted that Woods' statement at the hearing was "I did spit in her face." This claim fails.

Woods next argues that he was denied evidence at the hearing. He asserts that at screening he asked for his mental health packet to be presented, but the screening officer denied his request because his mental illness did not give him the right to assault anyone. Woods argues that the disciplinary review officer violated IDOC policy providing that if an offender has a mental illness, the disciplinary hearing officer shall contact the mental health staff and determine whether the incident was the result of the offender's mental illness. If it was, the offender shall receive a written reprimand documenting the behavior. The record does not reflect that Woods' mental health packet was requested, obtained, or considered, however, the respondent correctly

contends that relief for this claim is not available in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *see also Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002) (prisoners' right to present evidence is qualified…they "do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary.").

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The conduct report, witness statement, and Woods' guilty plea constituted sufficient evidence to find Woods guilty of the charge. The lenient standard of "some" evidence was satisfied in this case.

Woods was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. There was sufficient evidence in the record to support the finding of guilt. There were no violations of Woods' due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Woods' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/22/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Woods, No. 911570
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Electronically registered counsel